UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERTO SANCHEZ DIAZ, | Case No. 2:26-cv-00310-MMD-MDC |
| Petitioner, | ORDER |
| v. | |
| PAMELA BONDI, *et al.*, | |
| Respondents. | |

Petitioner filed a First Amended Petition for writ of habeas corpus on March 2, 2026. (ECF No. 10 ("FAP").) The Court ordered Respondents to file a response by March 16. (ECF No. 9.) That deadline passed and Respondents did not file a response or a motion for extension of time. On March 17, Petitioner filed a notice of Respondents' Non-Opposition. (ECF No. 12.) The same day, Respondents filed a motion to extend time retroactively. (ECF No. 13 ("Motion").) While the Court finds the reasoning for Respondents' delay inadequate and the delay inherently prejudicial, the Court grants the Motion due to the minimal length of the delay and Respondents' lack of bad faith.

The Federal Rules of Civil Procedure grant the Court the discretion to, "for good cause," extend a Court-imposed deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P 6(b)(1)(B). The determination of whether certain conduct qualifies as "excusable neglect" is an equitable one, "taking account of all relevant circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). The Court considers four factors in making this determination: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d

962, 973 (9th Cir. 2007). Negligence on the part of counsel may qualify as excusable neglect. *See Pioneer*, 507 U.S. at 399.

The Court finds Respondents' reason for the delay is insufficient. Respondents cite to "overlapping court-ordered deadlines. . . and significant office staffing shortages." (ECF No. 13 at 1.) Respondents emphasize the "heavy demands of multiple filings and similar obligations in other matters compounded by the heightened immigration workload in federal court." (*Id.* at 2.) The Court agrees with Petitioner that "Respondents cannot invoke the number of immigration habeas cases as a basis for delaying habeas review where they have affirmatively chosen to initiate and pursue these detention proceedings. Having exercised their discretion to arrest and detain Sanchez Diaz, Respondents bear the corresponding obligation to litigate challenges to that custody promptly." (ECF No. 14 at 5-6.); *see also Tran v. United States*, 2:25-cv-02397-APG-DJA, ECF No. 16, at 1 (D. Nev. Jan. 25, 2026) ("While I am sympathetic to the problems this creates for the respondents' counsel, this court and the FPD are similarly laboring under increased and expedited workloads due to the respondents' recent increase in immigration detentions.")

Respondents also argue their neglect is excusable due to "lack of agency communication" (ECF No. 13 at 1.) Specifically, Respondents explain they "ha[ve] not received corresponding documents from the agency despite requesting such on March 2, 2026, when the Amended Petition was filed." (*Id.* at 2.) The Court already concluded in a different immigration detention habeas case that "generalized statement[s] that counsel is still awaiting unspecified 'needed documents'" from the Department of Homeland Security ("DHS")[1] does not qualify as good cause for an extension of time to respond to

---

[1]Moreover, DHS recently stated they are "more than prepared to handle the legal caseload necessary to deliver President Trump's deportation agenda for the American people." Sudhin Thanawala, *Trump's immigration crackdown is straining federal courts. Judges are raising the alarm*, AP News, Feb. 9, 2026, https://apnews.com/article/trump-immigration-bond-habeas-courts-d1d1fa9b16365577651ef958a0ec342f.    The    Court therefore will not accept the influx of cases as an adequate excuse for DHS's delay either.

these urgent petitions. *Alkarori v. Mattos*, No. 2:25-cv-2567-MMD-MDC (D. Nev. Jan. 6, 2026) (ECF No. 11); *see Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application"); *Preiser v. Rodriguez*, 411 U.S. 475, 495 (1973) (citing 28 U.S.C. § 2243) ("[T]he federal habeas statute provides for a swift, flexible, and summary determination of his claim." (citing 28 U.S.C. § 2243)).

Furthermore, the Court does not find Respondents' delay to be non-prejudicial. Respondents argue that Petitioner's harm from the delay "is essentially inherent in detention." (ECF No. 13 at 3 (quoting *Lopez Reyes v. Bonnar*, No. 18-CV-07429-SK, 2018 WL 7474861, at *10 (N.D. Cal. Dec. 24, 2018)).) The Court agrees with Judge Dorsey that this argument does not "make[] any sense." *Parvoti v. Bondi*, 2:25-cv-2283-JAD-DJA, ECF No. 20, at 9 (D. Nev. Jan. 16, 2023). The Court agrees with Petitioner that he "is prejudiced by each moment he is unlawfully detained." (ECF No. 14 at 4 (citing *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017)).)

Despite this, the Court concludes the minimal four-day delay is not majorly prejudicial. Moreover, the Court finds Respondents did not delay in bad faith. It is clear from Petitioner's own account that Respondents only became aware of the missed deadline after Petitioner filed his notice of non-opposition. (ECF No. 14 at 2 (citing ECF No. 12).) There is no evidence Respondents intentionally "flout[ed the] deadline." *Pioneer*, 507 U.S at 388. Therefore, weighing the relevant factors, the Court finds Respondents' failure to meet the Court-ordered deadline constitutes "excusable neglect." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000).

///

///

It is therefore ordered that Respondents' Motion is granted. (ECF No. 13.) Respondents must file their response to the FAP by Friday, March 20.

DATED THIS 19th Day of February 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4